UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MILES, | Case No. CV 14-6555 DDP(JC) |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |
| A.M. GONZALES, | |
| Respondent. | |

### I.   SUMMARY

On August 20, 2014, petitioner Tracy Miles ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Current Federal Petition"). The Current Federal Petition challenges a judgment in Los Angeles County Superior Court in Case No. NA2017101 (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Court Conviction and Direct Appeal

On November 4, 1994, a Los Angeles County Superior Court jury convicted petitioner of two counts of robbery and found true an allegation that petitioner had been convicted of certain felonies. On February 7, 1995, the trial court sentenced petitioner to thirty-six years to life in state prison.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment on March 7, 1996. Petitioner thereafter filed a petition for review in the California Supreme Court, which was denied on May 22, 1996.[3]

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from court records in the Central District of California, the Ninth Circuit, and the United States Supreme Court in the following cases of which this Court takes judicial notice: (1) Tracy Miles v. Anthony A. Lamarque, No. CV 00-8763 RSWL(SGL) ("First Federal Petition" or "First Federal Action"); (2) Tracy Miles v. James E. Hall, No. CV 03-9110 DDP(SGL) ("Second Federal Petition" or "Second Federal Action"); (3) Tracy Miles v. Silva H. Garcia, No. CV 10-5326 DDP(JC) ("Third Federal Petition" or "Third Federal Action"); (4) Tracy Miles v. Anthony Lamarque, No. 01-55338 ("First Ninth Circuit Action"); (5) Tracy Miles v. Anthony A. Lamarque, No. 02-73335 ("Second Ninth Circuit Action"); (6) Tracy Miles v. James E. Hall, No. 06-55980 ("Third Ninth Circuit Action"); (7) Tracy Miles v. Silva Garcia, No. 11-70278 ("Fourth Ninth Circuit Action"); (8) Tracy Miles v. David Long, No. 12-71017 ("Fifth Ninth Circuit Action"); and (9) Trac[]y Miles v. Anthony Lamarque, No. 01-5460 ("U.S. Supreme Court Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[3] Petitioner thereafter sought and was denied habeas relief in state court. (Current Federal Petition at 4-5).

### B. First Federal Action, First Ninth Circuit Action, and U.S. Supreme Court Action

On August 17, 2000, petitioner filed the First Federal Petition in which he challenged the judgment in the State Case. On January 16, 2001, judgment was entered denying and dismissing the First Federal Petition with prejudice, because it was untimely.

On April 13, 2001, the Ninth Circuit denied petitioner's request for a certificate of appealability in the First Ninth Circuit Action. On May 22, 2001, the Ninth Circuit denied petitioner's motion for reconsideration.

On October 1, 2001, the United States Supreme Court denied petitioner's petition for a writ of certiorari in the U.S. Supreme Court Action.

### C. Second Ninth Circuit Action

On December 13, 2002, the Ninth Circuit denied petitioner's application for leave to file a second or successive petition in the Second Ninth Circuit Action.

### D. Second Federal Action and Third Ninth Circuit Action

On December 15, 2003, petitioner filed the Second Federal Petition in which he again challenged the judgment in the State Case. On January 8, 2004, judgment was entered summarily dismissing the Second Federal Petition because it was successive.

On October 4, 2006, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Third Ninth Circuit Action.

### E. Third Federal Action and Fourth Ninth Circuit Action

On July 20, 2010, petitioner filed the Third Federal Petition in which he again challenged the judgment in the State Case. On January 20, 2011, judgment was entered dismissing the Third Federal Petition because it was successive. The Court concurrently denied petitioner a certificate of appealability, but referred the matter to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

///

On April 19, 2011, the Ninth Circuit denied petitioner leave to file a second or successive petition in the Fourth Ninth Circuit Action.

### F. Fifth Ninth Circuit Action

On April 2, 2012, in the Fifth Ninth Circuit Action, petitioner again filed an application seeking leave to file a second or successive petition. On June 14, 2012, the Ninth Circuit denied such application.

### G. Current Federal Petition

As noted above, on August 20, 2014, petitioner filed the Current Federal which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

///

---

[4] A search of the court's PACER system reflects no activity by petitioner in the Ninth Circuit other than as detailed above.

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense.  Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

Petitioner's First Federal Petition was denied as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits.  See McNabb, 576 F.3d at 1030.  Accordingly, the Current Federal Petition, like the

Second and Third Federal Petitions, is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV. ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: September 11, 2014

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE